1  BENJAMIN B. WAGNER
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2723

5  Attorneys for Plaintiff
   United States of America
6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              )    2:09-cv-03062-FCD-GGH
                                          )
12          Plaintiff,                    )    JOINT STATUS REPORT AND
                                          )    STIPULATION FOR STAY
13      v.                                )    OF FURTHER PROCEEDINGS
                                          )    AND **ORDER** THEREON
14 REAL PROPERTY LOCATED IN               )
   NEVADA COUNTY, CALIFORNIA,             )
15 APN: 61-160-02, INCLUDING ALL          )
   APPURTENANCES AND IMPROVEMENTS         )    DATE: N/A
16 THERETO,                               )    TIME: N/A
                                          )    COURTROOM: N/A
17 REAL PROPERTY LOCATED IN               )
   NEVADA COUNTY, CALIFORNIA,             )
18 APN: 61-160-03, INCLUDING ALL          )
   APPURTENANCE AND IMPROVEMENTS          )
19 THERETO,                               )
                                          )
20 REAL PROPERTY LOCATED IN               )
   NEVADA COUNTY, CALIFORNIA,             )
21 ORIGINAL APN: 61-160-04, CURRENTLY     )
   KNOWN AS APN: 61-160-22, APN:          )
22 61-160-23 and APN: 61-160-24,          )
   INCLUDING ALL APPURTENANCES AND        )
23 IMPROVEMENTS THERETO, and,             )
                                          )
24 REAL PROPERTY LOCATED IN               )
   NEVADA COUNTY, CALIFORNIA,             )
25 APN: 61-160-06, INCLUDING ALL          )
   APPURTENANCE AND IMPROVEMENTS          )
26 THERETO,                               )
                                          )
27          Defendants.                   )
   _____    )
28

```
 1  UNITED STATES OF AMERICA,        )    2:09-cv-03063-FCD-GGH
                                     )
 2          Plaintiff,               )
                                     )
 3      v.                           )
                                     )
 4  REAL PROPERTY LOCATED IN NEVADA  )
    COUNTY, CALIFORNIA, APN:         )
 5  61-160-05, INCLUDING ALL         )
    APPURTENANCES AND IMPROVEMENTS   )
 6  THERETO,                         )
                                     )
 7          Defendant.               )
   _____  )
 8  UNITED STATES OF AMERICA,        )    2:09-cv-03085-FCD-GGH
                                     )
 9          Plaintiff,               )
                                     )
10      v.                           )
                                     )
11  REAL PROPERTY LOCATED AT 24271   )
    HOYT CROSSING ROAD, NEVADA COUNTY,)
12  CALIFORNIA, APN: 60-360-15,      )
    INCLUDING ALL APPURTENANCES AND  )
13  IMPROVEMENTS THERETO,            )
                                     )
14          Defendant.               )
   _____  )
15
```

16      Pursuant to this Court's Order Requiring Joint Status Report

17 the plaintiff United States of America and claimants Charles M.

18 Hilkey and Joseph Titland ("Claimants") submit the following

19 report.

20      **(a)  Brief summary of the claims and legal theories under
             which recovery is sought or liability denied:**
21

22      Plaintiff has filed a total of four civil <u>in rem</u> forfeiture

23 complaints against real property owned by Charles M. Hilkey.

24 This status report applies only to the first three cases filed:

25 <u>U.S. v. Real Property in Nevada County, APN: 61-160-02, et al.</u>,

26 2:09-cv-03062 FCD-GGH (referred to hereafter as "Hilkey #2-

27 Sparky/Cherokee"); <u>U.S. v. Real Property in Nevada County, APN:</u>

28                              2

1  61-160-05, 2:09-cv-03063 FCD-GGH, referred to hereafter as

2  "Hilkey #3-Roth"); and U.S. v. Real Property Located at 24271

3  Hoyt Crossing Road, in Nevada County, APN: 60-360-15, 2:09-cv-

4  03085 FCD-GGH (referred to hereafter as "Hilkey #4-Lewis). [1]  All

5  known potential claimants in these three cases have been served,

6  or reasonable attempts to serve them have been made, and the time

7  for these potential claimants to file a claim, and the time for

8  filing answers, in these cases, has expired.

9      In addition, publication of the forfeiture on the

10 government's website is not yet complete.  Under Rule G

11 (5)(a)(ii)(B) a person who did not receive direct notice of the

12 forfeiture (e.g. by certified mail or personal service), but who

13 sees the notice of forfeiture on the website, can file a claim as

14 late as 60 days after the first day of publication on the

15 government website.  The first day of publication was January 4,

16 2010; accordingly, other potential claimants have until March 5,

17 2010, to file claims in any of the three actions.

18     The facts are complicated, but the legal theories in all

19 three cases are straightforward:  Plaintiff United States of

20 America contends the Charles M. Hilkey structured the proceeds of

21

---

22      [1]   The fourth case (U.S. v. Real Property in Nevada
    County, 61-070-08, et al., hereafter referred to as "Hilkey #1-
23  Cherokee/Callahan) was filed approximately six weeks after the
    first three cases.  Service on potential claimants is not
24  complete in those cases and publication of the forfeiture action
    on the government's website (www.forfeiture.gov) is not yet
25  complete.   Once service is complete in Hilkey #1
    Cherokee/Callahan, plaintiff and any claimant who appears will
26  file a joint status report within the time frame set forth in the
    Order Requiring Joint Status Report filed on December 23, 2009.

27

28                                3

1  drug trafficking (marijuana) into various bank accounts and then

2  used those funds to purchase the defendant property; and/or used

3  the funds to reduce the principal balance due on a mortgage

4  encumbering the defendant property.  The property is therefore

5  forfeitable to the United States under one or more forfeiture

6  statutes: 18 U.S.C. §  981(a)(1)(A) which provides for the

7  forfeiture of property involved in a money laundering transaction

8  in violation of 18 U.S.C. § 1956(a)(1)(B)(i); under 18 U.S.C. §

9  981(a)(1)(A) which provides for the forfeiture of property

10 involved in another kind of money laundering transaction in

11 violation of 18 U.S.C. §  1957; 31 U.S.C. §  5317(c)(2) which

12 provides for the forfeiture of property involved in structuring

13 transactions in violation of 31 U.S.C. §  5324 (a)(3); and 21

14 U.S.C. §  881(a)(6) which provides for the forfeiture of property

15 derived from the proceeds of drug trafficking.

16      Claimants deny the allegations.  In addition, with respect

17 to the property identified herein as Hilkey #4-Lewis, claimant

18 Joseph Titland alleges that he is an innocent owner of a secured

19 interest in said property within the meaning of 18 U.S.C. §

20 983(d)(1).  Claimant further asserts that forfeiture of his

21 interest in said property would violate the Eighth Amendment

22 Excessive Fines Clause.

23      **(b)  Status of service upon all defendants and cross-defendants and claimants:**

24

25      All potential claimants to the real property have been

26 served, and the time for filing claims or answers has expired.

27 //

28                              4

1       **(c)   Possible joinder of additional parties:**

2           Plaintiff does not anticipate that there will be any

3   additional parties, but it is possible that a person who sees the

4   notice of forfeiture on the government website will file a claim

5   and answer and will therefore become a party.

6       **(d)   Contemplated amendments to the pleadings:**

7           The parties do not complete amending the pleadings.

8   Claimant Charles M. Hilkey will be filing claims in each of the

9   three cases on or before February 1, 2010.    In light of the

10  requested stay (see below) plaintiff does not object if claimant

11  Hilkey defers filing his Answers until the stay is lifted.

12          Joseph Titland, a claimant in Hilkey #4-Lewis, filed a

13  timely verified claim and answer on December 1, 2009.

14      **(e)   Statutory basis for jurisdiction and venue**:

15          Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a).

16  Venue is based on 28 U.S.C. §§ 1355(b) and 1395, and 21 U.S.C. §

17  881(j).

18      **(f)   Anticipated discovery and the scheduling of
            discovery, including:**
19
20      **(1)   what changes, if any, should be made in the
            timing, form, or requirement for disclosure
            under Rule 26(a), including a statement as to
21          when disclosures under Rule 26(a)(1) were
            made or will be made;**
22

23          As of the December 1, 2006, amendments to Rule 26 of the

24  Federal Rules of Civil Procedure, civil forfeiture actions are

25  now exempt from the initial disclosure requirements applicable to

26  most other civil actions.   See Fed.R.Civ.P. 26(a)(1)(B)(ii).

27          In addition, the parties request that a stay of further

28                                  5

1  proceedings be entered at this time pending the outcome

2  of a related criminal case now pending against claimant Hilkey.

3  Hilkey is a defendant in <u>U.S. v. Charles M. Hilkey, Jr., Rachelle</u>

4  <u>Sari Garnitz, and Bram Gabriel Lewis</u>, 2:09-cr-00412 FCD now

5  pending in this court.

6      The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and

7  981(g)(2).  As explained above in (a) above, the plaintiff

8  contends that the claimant Hilkey was involved in drug

9  trafficking; structured currency into multiple bank accounts; and

10  used the proceeds to purchase the defendant property and/or used

11  drug proceeds to reduce the principal balance due on a mortgage

12  encumbering many of the parcels.

13      If discovery proceeds at this time, claimant Hilkey will be

14  placed in the difficult position of either invoking his Fifth

15  Amendment right against self-incrimination and losing the ability

16  to pursue his claims to the defendant property, or waiving his

17  Fifth Amendment right and submitting to a deposition and

18  potentially incriminating himself.  If he invokes his Fifth

19  Amendment right, the plaintiff will be deprived of the ability to

20  explore the factual basis for the claims they filed with this

21  court.

22      In addition, claimants intend to depose, among others, the

23  agents involved in this investigation, including but not limited

24  to the agents with the Internal Revenue Service.  Allowing

25  depositions of the law enforcement officers at this time would

26  adversely affect the ability of federal authorities to

27  investigate the underlying criminal conduct.

28

6

1    The parties recognize that proceeding with this action at

2 this time has potential adverse affects on the prosecution of the

3 pending criminal case, and/or upon claimants' ability to prove

4 their claim to the property and assert any defenses to

5 forfeiture.  For these reasons, the parties jointly request that

6 this matter be stayed until the related criminal case is over.

7 At that time the parties will advise the court whether a further

8 stay is necessary.

9    **(2)   the subjects on which discovery may be needed;
          when discovery should be completed; and whether**
10         **discovery should be conducted in phases**;

11    As explained above the parties request a stay of further

12 proceedings.

13    **(3)   what changes, if any, should be made in the
          limitations on discovery imposed under the**
14         **Civil Rules and what other limitations, if
          any, should be imposed;**

15

16    The parties do not request any changes in the discovery

17 limitations imposed by Fed.R.Civ.P. 26(b)(2), 30, or 33.

18    **(4)   the timing of the disclosure of expert
          witnesses and information required by Rule**
19         **26(a)(2);**

20    As explained above the parties request a stay of further

21 proceedings, including expert disclosure.

22    **(5)   Proposed dates for discovery cut-off:**

23    Not applicable in light of requested stay of further

24 proceedings.

25    **(g)   Contemplated dispositive motions and proposed date by
          which all non-discovery motions shall be heard:**
26

27    Plaintiff intends to seek the defaults of Bram Lewis and

28 Delmy R. Bringuez, two individuals with potential claims in

7

1 Hilkey #4-Lewis, within the next 30 days.  Other than default

2 motions, the parties agree that no other motions need to be

3 scheduled at this time.

4        **(h)   Proposed date for final pretrial conference:**

5        Not applicable in light of the requested stay of further

6 proceedings.

7        **(i)   Proposed date for trial, estimate of days of trial, and
            whether any party has demanded a jury:**

8

9        Not applicable in light of the requested stay of further

10 proceedings.

11        **(j)   Appropriateness of special procedures such as reference
            to a special master or agreement to try the matter**

12            **before a magistrate judge pursuant to 28 U.S.C. §
            636(c):**

13

14        None.

15        **(k)   Proposed modification of standard pretrial procedures
            because of the simplicity or complexity of the case:**

16

17        None.

18        **(l)   Whether the case is related to any other case pending
            in this district, including the bankruptcy courts of**

19            **this district:**

20        The three cases listed in the caption above are related to

21 U.S. v. Real Property in Nevada County, APN: 61-070-08 et al.,

22 2:09-3542 and to U.S. v. Charles Miller Hilkey, Jr. et al., 2:09-

23 cr-412 FCD.  A Notice of Related Cases has been filed in each of

24 the four civil cases and in the criminal case.

25        **(m)   Prospects for settlement, including whether a
            settlement conference should be scheduled and whether,**

26            **in the case of a jury trial, the parties will stipulate
            to the trial judge acting as settlement judge:**

27

28        Prospects for settlement are unknown at this time.

//

8

1     (n)  **Any other matter that may be conducive to the just and expeditious disposition of the case.**

2    None.

3

4 Date: January 12, 2010          BENJAMIN B. WAGNER
                                     United States Attorney

5

6                             By    /s/ Kristin S. Door
                                     KRISTIN S. DOOR

7                                      Assistant U.S. Attorney
                                     Attorneys for Plaintiff
                                     United States of America

8

9 Dated: January 12, 2010          BLACKMON & ASSOCIATES

10

11                             By    /s/ Clyde M. Blackmon
                                     (as authorized on 1/12/10)

12                                      CLYDE M. BLACKMON
                                     Attorney for claimant
                                     Charles M. Hilkey, Jr.

13                                      Claimant in all three cases

14

15 Dated: January 12, 2010          /s/ Richard J. Troberman
                                     (as authorized on 1/12/10)

16                                      RICHARD J. TROBERMAN
                                     Attorney for claimant

17                                      Joseph Titland in "Hilkey #4-Lewis"

18

19                                **ORDER**

20     For the reasons set forth above, this matter is stayed

21 pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the

22 related criminal case is over.  Within 30 days after all

23 proceedings in U.S. District Court in <u>U.S. v. Hilkey et al</u>., have

24 concluded, the parties will advise the court whether a further

25 stay is necessary.

26 IT IS SO ORDERED.

27 Dated: January 13, 2010

28                                FRANK C. DAMRELL, JR.
                               UNITED STATES DISTRICT JUDGE